## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY R. STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 9509 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| THOMAS J. DART, Sheriff of Cook County; | ) | |
| SUPERINTENDENT M. COBBLE, | ) | |
| in his individual capacity; LT. R. CHAVEZ, | ) | |
| in his individual capacity; and OFFICER S. | ) | |
| HARRIS, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

After Plaintiff Jeremy Starks, a pretrial detainee at the Cook County Department of
Corrections ("CCDOC"), suffered multiple attacks at the hands of other detainees, he brought the
instant lawsuit against Sheriff Thomas Dart, in his official capacity as Cook County Sheriff, and
Superintendent M. Cobble, Lieutenant R. Chavez, and Officer S. Harris in their individual
capacities for failure to protect. Defendants have filed a motion to dismiss Starks' amended
complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the facts in the
amended complaint do not sufficiently support Starks' claim against Dart, the Court dismisses
Dart without prejudice. Starks has, however, alleged sufficient facts to state a claim against
Cobble, Chavez, and Harris for failure to protect with respect to the first assault Starks suffered,
so he may proceed against them on this claim. As to the second assault, Starks has failed to
allege sufficient facts to allow his claim based on that assault to proceed; the Court, thus,
dismisses that claim.

## BACKGROUND[1]

Starks is a pretrial detainee who has been in custody at CCDOC since his arrest for first-degree murder in June 2017.  In April 2024, Vincent Davidson began sharing the same cell as Starks.  CCDOC transferred Davidson to Starks' cell because Davidson overdosed on drugs while incarcerated in a different location at CCDOC.  Immediately after his transfer, Davidson continued his drug use by burning toilet paper to inhale the fumes to get high.  Because Starks shared the cell, he would ingest and breathe in the fumes when Davidson engaged in this behavior, even though Starks did not participate in Davidson's behavior nor use drugs at any time while in custody.

Starks complained to Harris and Chavez about Davidson's drug use and then filed a grievance documenting his complaint and requesting separation from Davidson.  Following this grievance, CCDOC separated Starks and Davidson, but also sent them both to "the hole," in spite of the fact that Starks did not participate in the drug use.  Doc. 24 ¶ 13.  Then, in May 2024, Davidson started putting out messages that he was going to "harm and go after" Starks because Starks had filed the grievance.  *Id.* ¶ 14.  Starks asked Harris, Chavez, and Cobble to further separate him from Davidson, including placing them on different decks of the jail, because he feared Davidson harming and assaulting him.  Despite this request, Harris, Chavez, and Cobble allowed Davidson to remain on the same deck of the jail as Starks.

Shortly thereafter, Davidson attacked and physically assaulted Starks, causing him physical harm.  As punishment for this incident, CCDOC again sent Starks to the hole for ten days, even though Starks did not instigate the physical altercation and Starks had previously made Cobble, Chavez, and Harris aware that Davidson had threatened to harm him.  While in the

---

[1] The Court takes the facts in the background section from Starks' amended complaint and presumes them to be true for the purpose of resolving Defendants' motion to dismiss.  *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

hole this second time, another inmate housed with Starks physically and sexually assaulted him. Starks immediately and discretely slipped a piece of paper to Harris informing him of the assault, because he did not want to call attention and suffer more harm from the same individual. Harris told Starks that he would tell Chavez about the assault and that they would remove the individual from Starks' cell. The next day, Starks reported the physical and sexual assault directly to Chavez.

Despite his direct reporting, no one removed Starks' cellmate. Instead, Starks remained in the hole for three more days until his ten-day discipline expired. Immediately upon his release from the hole, Starks filed a grievance documenting the physical and sexual assault. "Defendants" told Starks that although it was too late to do a rape kit, they would investigate the grievance and put Starks in an individual cell. *Id.* ¶ 14. But months later, on September 11, 2024, CCDOC placed Starks with another cellmate, despite his concerns for his health and safety and without informing Starks of the results of the investigation into his physical and sexual assault. This new cellmate used illegal drugs by burning toilet paper and ingesting the fumes.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th

Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Sheriff Dart

Dart argues that Starks failed to plead factual allegations to pursue a claim against him in his official capacity because his amended complaint contains no allegations regarding (1) any actions that Dart took or failed to take, or (2) a widespread practice or policy that caused Starks' alleged injuries. Starks impliedly acknowledges that he did not allege a widespread practice or policy. He nonetheless asserts that he sufficiently alleged a claim against Dart because he pleaded that Dart "has the ultimate decision-making authority in terms of the Sheriff's Office treatment of [Starks]." Doc. 24 ¶ 2. Yet the amended complaint makes no other factual allegations regarding Dart. Starks directs every other allegation at Harris, Chavez, or Cobble.

"As an Illinois sheriff, [Dart] has final policymaking authority over [CCDOC] operations." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 344 (7th Cir. 2018). Therefore, he is the proper party for an official liability claim alleging policies "that deprive inmates of their federal rights," *id.*, because "[a] suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent," *Franklin v. Zaruba*, 150 F.3d 682, 684 n.1 (7th Cir. 1998). Such a suit is permissible under § 1983, but only when a governmental policy or custom was "the moving force" behind the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To state a *Monell* claim, then, Starks must allege (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and

4

well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

Starks argues that his amended complaint states a *Monell* claim under the final policymaking prong. But because the amended complaint does not assert any claim against Dart, the Court must dismiss him. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Here, the one sentence mentioning Dart in the amended complaint does not sufficiently plead any claim against him without any allegation of facts involving Dart. *See Reese v. Dart,* No. 20 C 7488, 2022 WL 3154206, at *4 (N.D. Ill. Aug. 8, 2022) (dismissing official capacity claims against Dart because although the complaint alleged that Dart was "responsible for all policies and practices of the Cook County Department of Corrections," the plaintiff did not include any other facts involving Dart or "alleged that he was injured *as a result of* the policies [and] practices for which Dart is responsible"). Accordingly, Starks has not adequately alleged a claim against Dart.

## II.    Individual Capacity Claims

Because Starks was a pretrial detainee at the time of the alleged constitutional deprivation, the Fourteenth Amendment's Due Process Clause governs his failure-to-protect claim as opposed to the Eighth Amendment's bar on cruel and unusual punishment. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495–96 (7th Cir. 2022). In order to state a claim, a pretrial detainee must allege: (1) defendants "made an intentional decision regarding the conditions of the plaintiff's confinement;" (2) "those conditions put the plaintiff at substantial risk of suffering

5

serious harm;" (3) the defendants "did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved," and the consequences of inaction would have been "obvious;" and (4) the defendants' inaction caused the plaintiff's injuries. *Id.* at 496 (adopting the analysis from *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). Pretrial detainees who bring a failure-to-protect claim under the Fourteenth Amendment no longer need to plead subjective awareness and instead need only to plead objective unreasonableness based on these factors. *Id.* at 495. As to the second requirement, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). To put the third requirement more succinctly, a plaintiff must show that the defendants' conduct is "objectively unreasonable," which must be more than negligence. *Kemp*, 27 F.4th at 498.

Starks seeks relief for two separate instances in which he alleges that Cobble, Chavez, and Harris failed to protect him. The Court considers each in turn.

### 1. First Assault

Regarding the first assault, Starks alleges that (1) after he filed a grievance about Davidson's illegal drug use, Davidson started threatening to harm Starks; (2) Starks asked Cobble,[2] Chavez, and Harris to keep him separated from Davidson because he feared harm; (3) nonetheless, Cobble, Chavez, and Harris allowed Davidson to reside on the same deck as Starks; and (4) Davidson shortly thereafter physically assaulted Starks, causing him harm.

---

[2] Cobble separately argues that the Court must dismiss the failure to protect claim against him because Starks only includes one factual allegation mentioning Cobble. While Starks only uses Cobble's name once in the body of the amended complaint, *see* Doc. 24 ¶ 14, he alleges in the following paragraph that "each" individual defendant allowed Davidson to remain on the same deck as Starks. Drawing all reasonable inferences in Starks' favor, the Court considers this subsequent allegation to include Cobble.

These allegations state a viable failure-to-protect claim. Starks sufficiently alleges an intentional decision that Cobble, Chavez, and Harris took regarding Starks' confinement - namely, that they failed to prevent Davidson's attack on Starks. *See Clark v. Cook Cnty. Sheriff's Off.*, No. 19 C 7131, 2023 WL 4134808, at *3 (N.D. Ill. June 20, 2023) (finding the plaintiff sufficiently alleged an intentional decision where the plaintiff alleged that the defendant officer failed to prevent an attack on the plaintiff). Starks also adequately alleges that Cobble, Chavez, and Harris' inaction caused his injuries. *See id.*

Regarding the second prong, Starks' amended complaint adequately alleges that Davidson posed a substantial risk of harm to Starks. The Seventh Circuit has noted that "a beating suffered at the hands of a fellow detainee . . . clearly constitutes serious harm." *See Brown*, 398 F.3d at 910. Here, Starks alleges that he suffered a beating at the hands of Davidson and that Davidson harmed him. The operative inquiry then is whether there was a substantial risk of that harm occurring. *See Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (citing *Brown*, 398 F.3d at 910). As the Court previously mentioned, the Seventh Circuit has found that the Fourteenth Amendment does not require a pretrial detainee to prove a defendant's subjective awareness of the risk of harm. *See Davis v. Rook*, 107 F.4th 777, 780 (7th Cir. 2024) (citing *Kemp*, 27 F.4th at 497). Instead, the detainee must only prove that a reasonable officer would: (1) appreciate the risk, and (2) address the risk. *Id.*; *see also Echols v. Johnson*, 105 F.4th 973, 974–75 (7th Cir. 2024); *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022); *Kemp*, 27 F.4th at 497. To demonstrate that a reasonable officer would "put the puzzle pieces together about the risk of harm, the detainee must show that the defendant actually received all the information about a potential health or safety risk." *Davis*, 107 F.4th at 780–81 (citation omitted) (internal

quotation marks omitted); *Kemp*, 27 F.4th at 496. District courts are not to assume a reasonable

officer is omniscient but rather, review the facts the officer received. *Davis*, 107 F.4th at 781.

Here, Starks claims that he directly informed Cobble, Chavez, and Harris of his fear of

Davidson harming him. This is enough to alert Cobble, Chavez, and Harris to a substantial risk

of harm. *See Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (noting that specific

threats from another inmate are sufficient to alert officers to a substantial risk of harm); *cf King*

*v. Szul*, No. 21 C 783, 2025 WL 712068, at *4 (N.D. Ill. Mar. 5, 2025) (concluding, on summary

judgment, that the factual record showed no evidence that the defendant officer should have been

on notice of a substantial risk to the plaintiff's safety because the plaintiff did not inform anyone

of a specific threat before the incident and the plaintiff and his assailant had been cohabitating

peacefully before the altercation).

As for the third prong under *Kemp*, Starks alleges it was unreasonable and reckless of

Cobble, Chavez, and Harris to keep Starks and Davidson on the same deck. In their briefing,

Cobble, Chavez, and Harris incorrectly assert that Starks "failed to sufficiently allege that

Defendants were on notice of a specific, particularized, and serious risk of harm before this May

2024 incident." Doc. 43 at 8. But, as discussed above, the Seventh Circuit in *Kemp* abrogated

the subjective knowledge standard in failure-to-protect claims brought by pretrial detainees

under the Fourteenth Amendment such as the present case. *Kemp*, 27 F.4th at 495–96. While

mere negligence is still insufficient, pretrial detainees now only need to allege that the defendant-

official recklessly disregarded the substantial risk of harm in the plaintiff's environment, as

opposed to subjective awareness of the risk. *Id.* at 498. Here, Starks has alleged that Cobble,

Chavez, and Harris actually knew of a substantial risk of harm after Starks informed them of

Davidson's threats, and that they nonetheless did not separate Davidson and Starks to different

8

decks. This suffices at the motion to dismiss stage. *See Brown*, 398 F.3d at 915 ("[W]e have often found deliberate indifference where custodians know of threats to a *specific detainee* posed by a *specific source*"). Accordingly, Starks can proceed with his failure to protect claim against Cobble, Chavez, and Harris for the first assault.

### 2.      Second Assault

Regarding the second assault, Starks alleges that (1) while housed in segregation, an unidentified inmate physically and sexually assaulted Starks; (2) Starks subsequently though separately informed Harris and Chavez of the assault; (3) despite his reporting, no one removed Starks' unidentified cellmate; and (4) three days after Starks reported the assault, his time in segregation expired and so he went to a different cell.

First, Starks' factual allegations regarding the second assault do not include Cobble whatsoever. Starks therefore cannot proceed with a failure to protect claim against Cobble for the second assault because he alleges no facts to support such a claim. *See Thomas*, 39 F.4th at 841 ("The third element requires an allegation that a specific defendant 'was on notice of a serious risk of harm' to the detainee. Put another way, it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing."). Second, Harris and Chavez correctly argue that while Starks alleges that he informed Harris and Chavez of this second assault after it occurred, he does not allege that the unidentified inmate assaulted him again *after* he informed Harris and Chavez of the assault. Starks has not, therefore, sufficiently alleged facts showing that Harris and Chavez' inaction caused his injuries because he does not allege any injuries after they received information about this unidentified inmate and did nothing. *See* Kemp, 27 F.4th at 496 (noting that the fourth element of a pretrial detainee's Fourteenth Amendment failure to protect claim

against an individual officer requires the plaintiff to plead that the defendant caused the plaintiff's injuries). Accordingly, the Court dismisses Starks' failure to protect claim against Cobble, Harris, or Chavez regarding the second assault without prejudice.

### III. Qualified Immunity

Finally, Cobble, Chavez, and Harris argue they are entitled to qualified immunity because Starks fails to allege any constitutional violation or a clearly established constitutional right. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78–79 (2017) (citation omitted) (internal quotation marks omitted). "In other words, qualified immunity shields from liability [ ] officers who act in ways they reasonably believe to be lawful." *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017) (quoting *Jewett v. Anders*, 521 F.3d 818, 822 (7th Cir. 2008)) (internal quotation marks omitted). Defendants typically present qualified immunity as a defense at the summary judgment stage, but they can also present it in a motion to dismiss. *See Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997); *Rusinowski v. Vill. of Hillside*, 835 F. Supp. 2d 641, 650 (N.D. Ill. 2011). At this stage, to overcome an assertion of qualified immunity, Starks must allege a violation of a statutory or constitutional right that was clearly established at the time of the violation so that a reasonable officer would have known of the unlawfulness of his conduct. *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020).

As noted above, for purposes of this motion, Starks has presented sufficient allegations that demonstrate that Cobble, Chavez, and Harris' failed to protect him from Davidson's assault. And for the second prong, the Seventh Circuit had clearly established a duty to protect pretrial detainees from serious harm by others in custody well before the alleged assault occurred in May

10

2024.  *See, e.g.*, *Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005) ("The Due Process Clause of the Fourteenth Amendment . . . places a duty upon jail officials to protect pre-trial detainees from violence."); *Brown*, 398 F.3d at 910–11 (noting that the plaintiff pretrial detainee's failure to protect claim arises under the Fourteenth Amendment's Due Process Clause); *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000) (same).  Accordingly, the Court concludes that Cobble, Chavez, and Harris cannot avail themselves of the qualified immunity defense at this stage.  *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (noting that courts hesitate to dismiss complaints on qualified immunity grounds "[b]ecause an immunity defense usually depends on the facts of the case" beyond the allegations of the complaint).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [43].  The Court dismisses Defendant Dart without prejudice.  The Court also dismisses Starks' failure to protect claim against Defendants Cobble, Chavez, and Harris regarding Starks' second assault without prejudice.


Dated: October 7, 2025

SARA L. ELLIS
United States District Judge

11